For your honor, I'm David Geffen on behalf of the plaintiff and the appellant. Shall I begin? Yes, please. Thank you for allowing me to be here today and to address you. I believe that most of the information that this court needs, in fact all of it, is in the briefs. They're very extensively briefed. I hope the court has had an opportunity to review the supplemental authorities. In the last year, three cases at least have come down on the issue on our side, on the issue of when a case is frivolous and when it is not under the ADA. We've cited those in our supplemental brief. We've also included in our supplemental brief a law review article about the importance of planning for people with disabilities in the event of emergencies, as well as another authority which verifies our position on 102.1.5, whether the plaintiff should have been awarded attorney's fees under 102.1.5 of the California's Code of Civil Procedure. Counsel, let's say we agree with you on one of the frivolous grounds, and we do send this case back to look at these issues again. Isn't there a risk for your side that the district court judge might say, you know what, I've looked at this again, and I now think Disney still exceeds your attorney's fees, and now I'm going to actually award attorney's fees to Disney, as opposed to the, well, I'll use my word, the wash? Don't you run that risk if this case gets sent back? No, not at all, your honor. The reason is that Disney only gets attorney's fees if they've proven that our causes of action were frivolous. They get no attorney's fees unless our causes of actions were frivolous. But you have, there were two different arguments, if I recall correctly, that the district court found were frivolous, correct? There were several, there were six arguments that I cited. Maybe I didn't understand your question. Sure. I guess one of the things you're asking us to do is to send this case back to the district court to look at some of the attorney's fees issues. For example, the district court found certain of your arguments frivolous. You're saying here on appeal they weren't frivolous. If we agree with you that one of the arguments the district court found was frivolous was in fact not, and we send it back, but we agree with the district court, or at least say the district court didn't abuse its discretion on the other arguments it found frivolous. Isn't there a risk the district court could take the next step, which it didn't do previously, and just say, you know what, I've looked at this case again. I thought it was a wash on the attorney's fees. You know what, I still think Disney spent more for attorney's fees on frivolous claims, and you could end up in the negative, I guess is what I'm saying. Don't you run that risk if we send it back? There is a slight risk of that, Your Honor, but I'm asking for these, this court to do more than just send it back and say one of the causes of action was not frivolous. The standards that the court applied to awarding Disneyland fees were also wrong. The court used a related to standard. They felt that the court said that if they did work that was related to the frivolous claims, then Disney's entitled to that work. They ended up with this huge attorney fee award because the court misapplied the law. The only thing Disneyland was entitled to was work that it could show had to have been done just to defend the frivolous claims. The court didn't do that. They gave them far more. Didn't it use that language that roughly tracked the amount of work that had to be done to defend against plaintiff's frivolous claims? It used that language. It didn't use the but-for language. Did I misread that? It roughly tracked the work that was done to defend against, but it also included work that was defending against the negligence claim, the premises liability claims, and the other claims on which we prevailed either through settlement or at trial. The court didn't say this is exclusively, I'm awarding them fees exclusively for the work that was related, that was exclusively related to defending the frivolous claims. Yes, of course, it was related to defense of the frivolous claims, but if it overlapped with our successful claims or overlapped with our unsuccessful claims for which they're not entitled to fees, the court was wrong to give them money for that. And I assume by this argument, I mean by this question here, that the court is considering sending this back and saying, well, one of the causes of action was not frivolous. And if that were the case, I would assume that the court is talking about the family restroom claim, whether or not that was frivolous. If we go back to court on the family restroom claim and this court still decides that that claim is frivolous, and I don't think it should, and the court instructs the court to award Disney's fees only related to the defense that's directly related to the defense of that frivolous claim and only related to the defense of that restroom claim, Disney's fee would be nominal. As my, as our papers put out, showed in our line-by-line of Disney's fees, very little work was done on the family restroom claim. The whole case focused on the negligence, premises liability incident at Small World, access barriers throughout the park and at the issue of whether or not emergency planning is part of a benefit that Disney is required to make accessible to people. You're suggesting that if we sent the matter back because we had some concerns about whether the family restrooms was a frivolous claim, that it wouldn't have much impact because there wasn't much time spent on that claim. Your Honor, I don't think the court, yes, that's exactly right, but the court needs an instruction that they can only, it's not a related to standard. Was the work related to the family restroom? A lot of work was related to family restrooms. We went to the first aid center and looked at the family restroom at the first aid center, but we won. We got Disneyland to remove a cot there. We removed at least five other barriers at the first aid center, so they should not get all the work related to the first aid center when we're talking about family restrooms. Of course they're not entitled to that work. It's related to family restrooms, but we won. And even on claims that we didn't won that are related to family restrooms, like signage, that's not frivolous either. So I thought there was only, at trial you won on one access barrier, is that right? And then some in the settlement agreement, some you withdrew, and some Disney agreed to modify, isn't that correct? At trial, we won on damages. But for the access barriers, according to my notes, you won on the counter in Disneyland's first aid station, and on the other three access barriers, cots, signage, and the first aid station signage in the interior, Disney won at trial. Is that right? Let me be clear. We did not prevail on damages on the cot and the signage issues, but we did prevail on the injunctive relief aspect of those claims by having Disney agree in a settlement, which is supervised by the court, to remove the barriers that we were complaining of. Well, that explains the difference between 16 and 19. Somehow you started with, you split in the settlement, 16 you won some relief, 16 you did not, but then there was some indication that 19 claims or issues you had relief. I suppose those are the other three that you got injunctive relief for, but in fact did not get any kind of damages. That's right, Your Honor. In fact, there was a total, I don't know, my brain is not great for numbers, but I think it was either 18 or 19 barriers overall that we had Disneyland remove as part of our settlement agreement, and I believe at least six of those were at the first aid center, and three of the six Mr. Martinez personally encountered. So can I ask you about the evacuation claims, which were found obviously by the court to be frivolous? Yes. They found the claims frivolous because when you talked about individual rides, etc., that Disney had an adequate system of evacuating persons with disabilities, and then in regard to the entire plant or institution of Disneyland, they found that there was two of four of the routes to be totally accessible, and your claim is that you have some merit to your argument that there is all four, I mean all four had to be found to be accessible. Is there any case law to suggest that that's correct? Because the judge said two is enough to warrant a determination that the claim was frivolous. Okay. The court re-characterized our emergency preparedness argument into looking at merely at the four evacuation routes. We said look, Disney has to prepare, it has a plan for able-bodied people on how to evacuate out of the park and how to evacuate out of rides, but it has no planning for people with disabilities, and we found that Disneyland employees were not being trained on which evacuation routes were accessible and which ones were not. We found that they had an evacuation map that did not say which evacuation routes were accessible and which were not, and we found that Disneyland itself didn't know until we started asking the questions, which of these evacuation routes were accessible and which were not. So we asked the court, look, either make them put it on their map which ones are accessible so people know, tell people so they know which ones are accessible, or make them accessible so you don't have to train, you don't have to tell, you don't have to put in the map, make them all accessible, but do something and don't leave it until an emergency and people are funneling out of the park on an inaccessible path of travel and blocking mothers with frantic children trying to get out of the bus. So when you're asking whether there's authority, there is authority, the only authority on the subject is a case in Maryland called Savage, and Savage says that emergency planning is covered by Title III of the ADA. There's no contrary authority on that subject. What there is are ADA guides on exactly on this issue. The DOJ has issued guidance saying an ADA AG 44.310 talking about Title III entity must provide for safe yet reasonable evacuation of guests with disabilities. That's the ADA. It requires rescue related signage, the Title III entities have an obligation under the ADA to modify emergency evacuation procedures to incorporate into evacuation plans the needs of persons with disabilities. It's all in the ADA. Not only that, we have case law from this court, from the lower court about the Ninth Circuit, that says Title II entities, like in this case it was the City of Los Angeles, have an obligation to plan for emergencies for people with disabilities. That's why evacuation centers have to be accessible. You can't have a place that everybody goes to in the event of an evacuation have stairs and preventing somebody in a wheelchair from getting into it. Title II. All of the law is on our subject. And of course the general provision of the ADA, which is the heart of the ADA, which says that if you provide a benefit to the public, it has to be that people with disabilities are entitled to full and equal enjoyment of that benefit. Well, an evacuation plan doesn't get more important than anything else. An evacuation plan ensures a person with a disability's safety in the event of an emergency. If you don't have that plan, and if you haven't considered the needs of people with disabilities, those people are going to be crunched or crushed or killed during an emergency. Did you want to save some time for rebuttal? I absolutely do. But you're on? To a minute and a half. Oh my gosh. Well, yes, I want to save some time for rebuttal. I do want the court to consider the 1021.5. Thank you. I'll stop there. Good morning, Your Honors. My name is Mark Litvack. I have the honor of representing Disneyland. Let me begin by answering the questions the court has asked. First of all, we are in the problem right now that plaintiff's counsel, Mr. Martinez's counsel, is asking you to reevaluate the underlying decisions that are not on appeal before this court. That is, we're now talking about what is necessary under the law. And none of that was appealed. What the judge properly found, Judge Sessions, if I may address your question, is the primary route was ADA compliant. And that's what the law required. He also noted that the secondary route was ADA compliant. And what plaintiff's claim, Mr. Martinez's claim, was, well, the tertiary and the fourth route needs to be compliant. And as Judge Selma properly found, there is no support for that. What the law says, and Mr. Giffen is right, is we must have a plan to evacuate persons with disabilities. And what Judge Selma properly found is we have that plan. It's the primary route out. In fact, in all fairness, if you've ever been to Disneyland, as you go in the park, the primary evacuation route, it may not be surprising, is you turn around and go out the way you came in. That is, as you come in, you go through paved streets, it's all there. And in case of an emergency, you turn around and evacuate and go out. What the court found, consistent with this court's decision in Duran, in Pier 1 Imports, is that there was never any likelihood, and there is no likelihood, that the third route would ever be encountered. What this court held in Duran in Pier 1 is, you need to establish that they have standing to challenge it. Because the record is clear, Mr. Martinez never, never needed a park-wide evacuation route. And the law is clear that you're only allowed to challenge that which you either encounter or may encounter on a return visit. Can you also address the have been legally frivolous? That there was Fortune that had some dicta, and then some district court case in Minnesota, and how is that enough to make that claim legally frivolous? Your Honor, this is the most codified statute in the United States. If I were to list the rules and regulations, as Mr. Geffen said, I'd put them on the ground, they'd go over my head. And nowhere, nowhere is there any requirement for any family restroom. Now there's the catch-all, which is what he relies on. Your Honor, I just went to the men's room here. One of the, there is no family restroom in this building. Thanks for sharing that with us. Thank you. And I said, but also, Your Honor, only one of the stalls is ADA compliant. And that's because, that's what the law requires. You cannot allow the catch-all to sweep in everything else. You have regulations, you have rules. This is, this statute and its codification tells you how high the toilet must be, how high the sink must be, where the mirrors must be, where the dustbins must be. You have to pull handles at certain tension. And nowhere, nowhere does it require family restrooms. There's not a single case ever to find it. There's not a single codification ever to find it. And so the record's clear. We had four. But counsel, I think the question is, that might be reasons to reject the claim. But the question is, is why does it render it legally frivolous to point to a section of the ADA and say this section, the catch-all, has this requirement? Why would that be legally frivolous? Because what the court found is you cannot allow that catch-all to become everything and subsume everything within that. Especially, Your Honor, we had four. No, I understand, I understand they had four. Let me correct something counsel said. Because this is, we're now in the land of make-believe of what happened at trial, with all due respect. He lost on three of the four. You know, we're re-arguing what happened. That is, at trial, on the ADA claims, there were four claims litigated and they lost on three of the four. Did not win injunctive relief. Most notably, one of the injunctive reliefs requested was signage for family restrooms. And as the court found, since you don't have any requirement to have them, you can't have a requirement to put a sign up telling somebody where they are. Your Honor, if you allow people to say, well, the full enjoyment, then I would respectfully submit any claim. I could argue that a movie theater, every seat should be ADA compliant. And that's not where the law is. I could argue that every toilet stall needs to be ADA compliant. And that's not where the law is. So can we, could we, is it correct to say that a claim is legally frivolous if there's no case on point? I mean, I think that's the argument opposing counsel makes. There, there is no precedent on point saying you don't need a family restroom, therefore it can't be legally frivolous. What's, what's wrong with that argument? I would tell you what's wrong with that argument is here, where you have the codification of this statute to the level you have it. That is, it's not just case authority. You have it codified. So for example, assume that, and it does, the rules tell you at what tension you must have a door handle. If you meet that tension, even if a person with a disability needs a weaker door, you're not liable when you meet what the codification says. And we should not allow people to challenge when you meet what, this statute is so codified. This court is well aware of that. It's looked at it. And when you meet what the rules and regulations require, for somebody to come and say, well, I want more. Why? Because there's a catch-all. Well, then everything is fair game. And that shouldn't be the standard, especially here where we have four of them. How can you argue we need them that, and we don't have them when everybody knew we had four. In fact, Mr. Martinez knew that better than anybody, because he eventually got his relief in one of the four. So your argument, in effect, is that the standards is a safe harbor. If you comply with those, at least for design purposes, that's enough. Is that correct? Correct. But there wasn't a case holding that at the time. No, there's several cases. Any case that, with all due respect, holds that the plaintiff has a right to say, well, this is what a frivolous came under the ADA. If you allow somebody to say, well, I want it because I need it, because it's the fair and full enjoyment, then there could never be a frivolous claim. So when you talk about codification, is there a difference between a codification that is a statement in the regulations that there is no requirement that you have family restrooms, as opposed to it never being mentioned? I mean, I assume that the situation is here is that it never was mentioned. That's different, is it not, from a codification in which somebody says that you don't have to have family restaurants or family restrooms. All we're doing, Your Honor, with all due respect, is pointing semantics. Now, I am, and I started it, so I apologize. What is codified is what a bathroom must be. It's in there. So it specifically tells you everything that must be in a bathroom. It is not in the absence here. That is, what a family restroom is, is allow multiple people to allow to go in in a private room. But the bathroom issue, there is probably almost nothing in the ADA codified as much as a bathroom, because people recognize, and as I said, it's sort of an essential facility, as we noted. It goes on everything from toilets, you need widths of stall, so it is codified. The bathroom is a very codified issue. Now you're telling me, well, they did not codify that how many people I can get in and be by myself, and I agree with you. They left it out, and trying to say, well, I have that right under some for-fare and enjoyment. Your Honor, assume I go into a restaurant, and I have a person with a disability who has a wheelchair, and there's one table there, but somebody else is using it. I should not be able to bring a claim when the law says I only need one table, when I don't have a second one, even though that is prohibiting at that moment in time, one could argue the full-fare use and enjoyment of the facility, because it's codified, and I've met the law. And if you allow people to bring claims, then there is no rules, and this Court will be stuck designing what bathrooms should look like, where tables should be, and it's been done for you. And when people try to expand outside of it, it should not be allowed. Was there something else? Counsel, do you want to address the Rule 54d question about whether the fees were properly awarded under Rule 54d, as opposed to whether it should have been under the ADA? Your Honor, we received our fees, so let do, for the frivolous claims. Had to do. I believe that is the proper standard. And let me correct what seems to be a misunderstanding in plaintiff's counsel's argument. That is, we received no fees, zero, after the summary judgment argument. Though we won at trial on three of the four claims, we did not receive any fees for that, because the Court found it was not frivolous. In fact, our fees were taken down, and proportioned, just the way this Court has suggested, because of the fact that at the summary judgment, only two of the three basic claims were found to be frivolous. So everything was properly done. On another front, costs, we were awarded properly. And what, so it's clear, Mr. Martinez was not denied fees or costs. What the Court found, and as Your Honor properly noted, is that Disney won so much, and plaintiff's success was so extremely limited. And that was the exact language of the Court, and with all due respect, that Court is in the best position to determine who won, who lost, and the degree of success, which is the key of the equation. Well, let me ask you this. I'll ask you the same question I asked your opposing counsel. Let's say, hypothetically, we agreed with him that the family restroom was not frivolous. And I understand your argument has to, as your argument, so it gets sent back. Is there anything that would prevent Disney from reasserting that, in fact, we should have received attorney's fees all along? Because, you know, if you use Disneyland, Disney's fees were the Matterhorn, and Martinez's fees were the small world. And the Matterhorn's a lot bigger than the small world, so therefore, we should get what we should have gotten all along. Is there anything that would prevent you from making that argument in the District Court? I don't think so, but let me, if you recall why the Court did it, and it said it offset it because the Court did not want to discourage legitimate future ADA claims. And it found it was getting there by the, the word we used was offset, I believe your Honor used washout, or, and that, but if you send it back, or would, is there anything preventing the Court from now saying Disney's entitled to its fees? Absolutely not. Look, your Honor, it was something that was discussed. We had agreed to it. We suggested it under the argument no good deed goes unpunished. I guess we are where we are. But if it's set back, at which I do not believe it should be, I mean, this trial court knows what this case was really fought about. This case was not fought about, the $4,000 worth of injury on the ride. We briefed, and included in our briefs, the discussions regarding settlement, which this Court allows, which established where this fight really was. Judge Selman knew that. He knew what was really at issue, and he got it right when he said Disney is the prevailing party, and Martina's success was extremely limited. If I can conclude, and my shows have a minute and a half left. That is, the standard before this panel is Judge Selman abuses discretion in creating the offset. The fact that Disney won on the issues it won, that were not even appealed. They don't stand before this Court. We've heard argument about what should have been in this case. None of that was appealed. It comes before you as the law of this case. Judge Selman looked at it all. He properly applied. He went line by line, just as this Court has asked him. He went line by line, granting us fees, denying us some, apportioning fees, to do what this Court has suggested and mandated. That is, to only award fees for those claims to a defendant that are frivolous. Then here he took the extraordinary step, and I guess if we go back, Judge Owens, I hope he doesn't. Because then at the end of the day, having done it once, and having to spend more money to now get its victory affirmed. Contrary to what you heard this morning, this is not what happened at the time of the claims. They dismissed half of the claims in the technical audit, which, as the judge noted, took one day to do. Judge Selman got it right. He properly apportioned, and his decision should be affirmed. I thank you for your time and courtesy. Thank you. You have a minute and a half for rebuttal. Your Honors, I'm going to try to make this fast. Please stop me if I'm going too fast. When the ADA was developed, Congress specifically said, construe this law broadly. You just heard a defense counsel say, construe this law narrowly. That's completely opposite of what Congress intended, what the Supreme Court has said, and what this Court has repeatedly done. If you want to do that, if the courts want to do that, you're never going to find a plaintiff's firm, like myself, a civil rights attorney, or the Disability Rights Legal Center, who wants to take a case again. Nobody will be able to afford to take a case. We've got a million dollars in attorney's fees on this case. I've done an appeal now, which you know, a year and a half worth of work on the appeal. I haven't seen a penny. Opposing counsels, presumably being paid by his client, and if you let this stand, if you call these claims frivolous, the ADA will not expand, and you will not find any attorney, brave or otherwise, who wants to take a claim using the full and equal enjoyment aspect of the ADA. Full and equal enjoyment is what gave this court Forteune, is what gave this court Ballman, it's what allowed the Supreme Court case of Martin, where you get a guy who wants to use a golf cart during a professional tour. None of those things are contemplated in the regulations, and yet they became law. So please do not, please look at this and look to see, am I making an inarguable legal conclusion? Right now, am I making an inarguable legal conclusion? Because that's the standard you're supposed to apply to determine what's frivolous and what's not. Only one claim went to trial on injunctive relief. Three of the other claims relating to the bathroom were resolved in injunctive relief in the settlement agreements. We're the prevailing party in this case. The court got nothing on costs, they shouldn't have gotten costs, we went on negligence. And just so the court understands, this negligence claim that we went on, it was really a disability rights argument that the court just said is going to be negligence. All right, let me just say, here's quoting from the court in the decision in our favor. Disney expressly recognized the potential for harm or inconvenience to a disabled guest. That indicates to me that Disney understood specifically that there was a risk of danger or inconvenience to disabled guests. The court goes on and on about how Disney unfairly treated disabled guests. That means we won on public policy and there's no way this case could have been brought by Mr. Martinez on a contingency basis. We had to have brought it in the public interest knowing that our attorney's fees would exceed his damages by a mile. He got four thousand dollars. Okay, you're argument, thank both parties for their argument. In the case of Martinez versus Walt Disney, Parks and Resorts is submitted.
judges: Sessions, Ikuta, Owens